The People of the State of Illinois, Defendant in Error, v. William Robertson, Plaintiff in Error.

## Gen. No. 23,936.

1. LARCENY—*when judgment not erroneous for failure to find value of property.* A judgment under an information charging stealing, sentencing defendant to the House of Correction and to pay a stated fine, entered pursuant to a plea of guilty after jury waiver, was not erroneous because of the failure of the trial court to make a finding of the value of the property stolen.

2. INDICTMENT AND INFORMATION, § 13*—*when information sufficiently subscribed and verified.* The objection that the information in question, charging defendant with stealing, was not sufficient because not subscribed and sworn to by the State's Attorney, Attorney General or prosecuting attorney, was not sustained where the information was filed and subscribed and sworn to by an individual.

Error to the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed June 16, 1919. Rehearing denied June 30, 1919.

JACOB KATZ, for plaintiff in error; K. B. CZARNECKI, of counsel.

MACLAY HOYNE and EDWARD E. WILSON, for defendant in error.

Mr. Justice McSurely delivered the opinion of the court.

The information in this cause, filed March 17, 1917, charged defendant with stealing a number of articles from Marshall Field & Company, a corporation, all of the value of $15. Defendant signed a jury waiver, and the cause was tried by the presiding judge upon defendant's plea of "guilty" in manner and form as charged in the information. The court found that "the said William Robertson is guilty of the criminal offense of 'larceny' on said plea of guilty," and sentenced him to the House of Correction for one year and to pay a fine of $100.

Defendant here contends that the judgment should be reversed for the failure of the trial court to make a finding of the value of the property stolen. The citations submitted in support of this claim are not in point inasmuch as none of them covers a case wherein the defendant, as here, pleaded guilty to the charge. "A defendant, by pleading guilty, waives his right to a trial by jury, and, no finding being necessary, the judgment follows the plea, as upon conviction." 2 Encyc. of Pl. & Pr. 782, and cases there cited.

Complaint is made that the information was not sufficient because not subscribed and sworn to by the State's Attorney, Attorney General or prosecuting attorney, as required by law. Whatever the rule may be in the case of an information filed by any of the officers mentioned, it has no application to the matter before us, wherein the information was filed by a private individual, by whom it was subscribed and sworn to as the statute provides.

No reason appearing why we should hold otherwise, the judgment of the trial court is affirmed.

*Affirmed.*